UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARTIN ROSS MIALE, | |
|---|---|
| Plaintiff, | Case No. 1:13-cv-00232-RRB |
| vs. | **DISMISSAL ORDER** |
| MICHAEL KNOWELS,[1] Tuolumne County District Attorney, *et al.*, | |
| Defendants. | |

Martin Ross Miale, a California state prisoner appearing *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983. Miale is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Deuel Vocational Institution, Tracy, California. Miale's action arose out of his pre-trial incarceration in the Tuolumne County jail.

Miale initially brought this action in this Court as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[2] The Court dismissed the complaint without prejudice to allow Miale to file the instant civil rights complaint.[3]

---

[1] In addition to Michael Knowels, Miale names as Defendants Jim Mele, Tuolumne County Sheriff, L.T. Ruckman, J.P Jones, Public Defender Robert Price, and Superior Court Judge Bosco.

[2] *Miale v Tuolumne County Jail*, 1:12-cv-01445-GSA HC. This Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

[3] Docket 1 at 4–5.

**I.     SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4]  This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[5]  Likewise, a prisoner must exhaust all administrative remedies as may be available,[6] irrespective of whether those administrative remedies provide for monetary relief.[7]  In addition to its powers in screening complaints under § 1915A(a), a trial court may dismiss a complaint for failure to state a claim *sua sponte* where it is obvious that the plaintiff cannot state a claim for relief.[8]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[4]     28 U.S.C. § 1915A(a).

[5]     28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[6]     42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[7]     *See Booth*, 532 U.S. at 734.

[8]     *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *see generally* 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, Adam N. Steinman Federal Prac. & Proc. Civ. § 1357 (3d ed.).

relief."[9] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[11]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[12] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[13] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15]

---

[9] Fed. R. Civ. P. 8(a)(2).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

[11] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[12] *Iqbal*, 556 U.S. at 678–69; see *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[13] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[14] *Id.*

[15] *Id.* (quoting *Twombly*, 550 U.S. at 555).

## II.   GRAVAMEN OF COMPLAINT

Insofar as it presents a claim cognizable under § 1983,[16] Miale contends that he was denied adequate medical treatment while incarcerated in the Tuolumne County jail.[17]

## III.   STATE PROCEEDINGS

Prior to initiating his federal habeas proceeding, Miale apparently unsuccessfully sought relief from the County under the California Tort Claims Act.[18]  Miale also sought relief via state *habeas* proceedings.  The Tuolumne County Superior Court denied relief, holding:

> Petitioner filed this verified Petition for Writ of Habeas Corpus on July 25, 2012.  Petitioner contends that he suffers from a number of medical conditions and that staff at the Tuolumne County Jail have not provided proper care in regards to his medical issues.  He contends that the inadequate treatment constitutes deliberate indifference to a serious medical need, and is cruel and unusual punishment
> Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person

---

[16]   *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.' ") (citation omitted).

[17]   The allegations that he was not provided copies of his state *habeas* petition, lack of assistance by his appointed public defender, the District Attorney had him placed in isolation to prevent his assisting other inmates, and that the Superior Court Judge declined to assist him are couched in conclusory terms, devoid of any factual underpinnings.  Thus, as presently pleaded, those allegations are insufficient to warrant the granting of any relief whatsoever, whether sought as a *habeas* petition or civil rights action.

[18]   Docket 1 at 46, 47. The Court assumes, without deciding, that this exhausted Miale's administrative available remedies.  42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

> "knows of and disregards an excessive risk to inmate health and safety," *Farmer v. Brennan,* 511 U.S. 825 (1970).  In order to know of the excessive risk, it is not enough that the person merely "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that inference." Id. To demonstrate deliberate indifference, Petitioner must first demonstrate that failure to treat his condition could result in significant injury or the unnecessary and wanton infliction of pain.  Second, he must show that the response to his need was deliberately indifferent by showing (a) a purposeful act or failure to respond to his pain or possible medical need and (b) harm caused by the indifference.  *Estelle v Gamble,* 429 U.S. 97 (1976); McGuckin *v. Smith* 974 F.2d 1050 (9th Cir. 1991).
>
> Petitioner has not provided any documentation to the Court to show that he suffers from any particular medical condition. The documentation provided does show that he has been seen by a physician while incarcerated at the jail, that he has been prescribed medication and that before he was incarcerated, he did not have a physician and had not been under a doctor's care for a number of years. He has not made a showing that he currently has a serious medical condition in need of treatment. He has not made a showing that he has been denied treatment.
>
> Further, Petitioner has not made a showing that jail staff has been deliberately indifferent to his condition.[19]

It does not appear from the record that Miale sought further review of the Superior Court decision in either the California Court of Appeals or the California Supreme Court. The Court notes that, in the context of Miale's civil rights action, this is unnecessary.

## IV.  DISCUSSION

The Supreme Court, holding that the infliction of unnecessary suffering on prisoners violated the Eighth Amendment, stated:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

---

[19]   Docket 1 at 12–13.

> interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.[20]

In *Estelle* the Supreme Court distinguished "deliberate indifference to serious medical needs of prisoners," from "negligen[ce] in diagnosing or treating a medical condition," holding that only the former violates the Constitution.[21] In short, Eighth Amendment liability requires "more than ordinary lack of due care for the prisoner's interests or safety."[22]

In determining deliberate indifference, the court scrutinizes the particular facts and looks for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.[23] The Ninth Circuit has spoken to the subject of the appropriate test under *Estelle*:

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that

---

[20] *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976) (footnotes, internal quotation marks and citations omitted).

[21] *Id.* at 106.

[22] *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

[23] *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

DISMISSAL ORDER
*Maile v. Knowels*, 1:13-cv-00232-RRB – 6

the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.[24]

To make a claim, Plaintiff must show that Defendants exhibited "deliberate indifference to serious medical needs."[5] Such a showing is sufficient to demonstrate the "unnecessary and wanton infliction of pain proscribed by the Eighth Amendment."[6] The United States Supreme Court has outlined a two-part test to determine if prison officials have violated a prisoner's rights under the Eighth Amendment:

> [A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious[;] a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. . . . The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind.[7]

---

[24] *Jett v. Penner*, 429 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks and citations omitted).

[5] *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

[6] *Id*. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal quotation marks and citation omitted).

[7] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotations omitted); *see also Wilson v. Seiter*, 501 U.S. 294, 299–300 (1991) (discussing subjective requirement); *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (discussing two-part test); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996) (same); *Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (same); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1994) (same).

"Deliberate indifference is a high legal standard. A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment."[8]

Miale has not provided this Court with any evidence in addition to that which the Tuolumne County Superior Court found insufficient. The only medical evidence Miale has provided consists of two nursing notes, dated May 8, 2012,[9] and June 13, 2012.[10] Of particular import is the May 8 note:

> Your years of not treating your high blood pressure was not the best in health care.
> As I answered you previous grievance you [*sic*] blood pressure and lab work look good.  There are many inmates here who have and are being treated for high blood pressure.  This is only one indicator of high risk for heart attach.  Other indicators are:
> Obesity
> High cholesterol
> Family History
> Smoking
> Substance abuse especially Amphetamine type drugs.
> High Blood pressure
> Your blood pressure is being monitored and is much improved from when you were booked in.
> Your lab work looks good.
> During your health appraisal you should have been asked about family history and there was no notation of any family member having cardiac problems.
> You are not smoking here in jail, and have been according to your health assessment been clean of substance abuse for years.  These are all positive

---

[8]   *Touchi v. Chung*, 391 F. 3d 1051, 1060 (9th Cir. 2004); *see Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see also Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990 (stating that even gross negligence is insufficient to establish a constitutional violation).

[9]   Docket 1 at 45.

[10]   Docket 1 at 43.

things towards good health and you are receiving care here that you might not have been doing if you had not come to jail. (According to your booking sheet no medical care in years.)

The June13 note indicates a change in medication was made. Miale's complaint appears to be that, the change in medication notwithstanding, he continued to suffer migraine headaches. At most, Miale has shown that the prescribed treatment was either not as effective as he would have liked, or was ineffective. This, although it may constitute medical malpractice, is insufficient to establish a deliberate indifference claim.[11] As did the Tuolumne County Superior Court, this Court finds that Miale has failed to establish the elements necessary to support a deliberate indifference claim.[12]

The Complaint fails to set forth facts sufficient to warrant the granting of the relief requested, or any relief whatsoever. It is also apparent from the Complaint and the documents attached thereto, that there is no reasonable probability that Miale can truthfully plead facts sufficient to warrant granting him relief, granting Miale leave to file an amended complaint would be futile.[13]

Finally, this Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of his constitutional claims or that jurists

---

[11] *See also Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981) (noting that a disagreement between a prisoner and a medical professional over the most appropriate course of treatment cannot give rise to a viable claim of deliberate indifference).

[12] This Court also notes that neither the District Attorney, Miale's counsel, nor the Superior Court Judge bore any responsibility for providing Miale with medical care.

[13] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

could conclude the issues presented are adequate to deserve encouragement to proceed further. Accordingly, any appeal would be frivolous or taken in bad faith.[14]

## V.     ORDER

       1.      The Complaint on file herein is **DISMISSED**, without leave to amend.

       2.      Miale's *in forma pauperis* status is hereby **REVOKED**.

       3.      The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 29th day of October, 2013.

                                                 S/RALPH R. BEISTLINE
                                                 UNITED STATES DISTRICT JUDGE

---

[14]    28 U.S.C. § 1915(a)(3); *see Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate if the appeal is frivolous).